UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| PAUL WILLIAM LEWIS, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 3:19-CV-868-CHB |
| v. | ) | **MEMORANDUM AND ORDER** |
| STATE OF KENTUCKY, | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* Petitioner Paul William Lewis initiated this action and filed an application to proceed without prepayment of fees. The Court finds that Petitioner's application to proceed without prepayment of fees makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly,

**IT IS ORDERED** that the application to proceed without prepayment of fees (DN 2) is **GRANTED**.

# I.

Because Petitioner is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the initiating document pursuant to 28 U.S.C. § 1915(e)(2). Under that statute, the Court must dismiss the action if it "determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Petitioner's initiating document is titled "Motion to Vacate and Set Aside Judgment and Sentence Pursuant to [Federal] Rule [of Civil Procedure] 60(d)(1)." Petitioner states that in 2011 he pleaded guilty in Kentucky state court to theft by deception and was sentenced to five years' supervised probation and restitution of $11,500. He asserts that he has been on active supervision by Kentucky Probation and Parole for eight and one-half years and has paid more than $5,000 of the ordered $11,500 restitution.

The basis for the instant petition stems from recent activity in his Kentucky state-court case. Petitioner states that, in August 2018, he filed a motion in the Kentucky trial court to waive the orders imposing fines and costs. He states that the state court ordered the Commonwealth of Kentucky to provide a response within 30 days, but when the Commonwealth failed to do so, the Kentucky trial court denied Petitioner a default judgment. Petitioner appealed that order, but his appeal was dismissed as untimely. Petitioner states that he filed a petition for discretionary review with the Kentucky Supreme Court, which was denied on October 24, 2019.

Petitioner states that he brings this "independent Action" to raise the following claims: (1) the state-court trial judge committed fraud upon the court when he failed to follow the rule of law during a proceeding in his court; (2) the Kentucky state courts denied him due process and equal protection by denying him a default judgment; (3) his imprisonment for failure to pay restitution and costs is cruel and unusual punishment; (4) the state trial court's extension of his probated sentence deprives him of due process; and (5) the Kentucky state courts have violated his Sixth, Eighth, and Fourteenth Amendment rights. As relief, Petitioner asks this Court to "exercise its power of equity to Vacate and Set Aside the Judgment of the Jefferson Circuit Court."

## II.

Petitioner invokes Federal Rule of Civil Procedure 60(d)(1).  Rule 60 is titled "Relief From a Judgment or Order."  The Federal Rules of Civil Procedure govern procedures in United States District Courts, not state court.  *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] govern the procedure in all civil actions and proceedings in the United States district courts[.]").  However, subsection (d)(1) of Rule 60 provides:  "This rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding[.]"  Part (d) is commonly referred to as Rule 60's "savings clause."  Such actions arise infrequently, and the instant case does not meet the parameters for an independent action.  Instead, Petitioner's claims challenging the constitutionality of state-court proceedings appropriately are brought in an action under 28 U.S.C. § 2254 and not in a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Here, all but one of Petitioner's claims are that the state courts violated his constitutional rights and thus are appropriately brought under § 2254.  The exception is his first claim in which he alleges that Kentucky trial court judge, Honorable Olu Stevens, committed fraud upon the court by not entering default judgment in favor of Petitioner pursuant to Fed. R. Civ. P. 55(a).  However, as noted above, the Federal Rules of Civil Procedure apply only to federal district courts, not to Kentucky state courts.

Additionally, Petitioner's fraud-on-the-court claim with respect to Judge Stevens is meritless because he failed to show that any alleged fraud was committed by an officer of *this*

3

Court. In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed. R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson*, 48 F. App'x 491, 499 (6th Cir. 2002) (citing *Workman v. Bell*, 227 F. 3d 331, 336, 341 (6th Cir. 2000) (en banc)); *see also Ross v. MacLaren*, No. 5:13-CV-10825, 2013 WL 994779, at *3 (E.D. Mich. Mar. 13, 2013) ("Because Judge Fitzgerald of the Michigan Court of Appeals was not acting as an officer of the federal habeas court when, while acting in his capacity as a state court judge, he denied petitioner's motion to waive his fees and dismissed his appeal, the 'fraud upon the court' exception does not apply to permit petitioner to maintain an independent action for relief from judgment."). Thus, Petitioner cannot bring his fraud-on-the-court claim in this Court.

Although Petitioner's other claims sound in habeas, this Court is not permitted to recharacterize the instant action as a § 2254 habeas corpus petition because doing so may bar Petitioner from asserting a habeas challenge to his state sentence at a later date. *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004). The Court warns Petitioner that if he fails to include all of his claims in an initial § 2254 motion, he may lose any other claims if he tries to assert them later. The Court also notes that Petitioner must exhaust all available state remedies or demonstrate their inadequacies before a federal court may grant habeas corpus relief. 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").

Therefore, the Clerk of Court is **DIRECTED** to send Petitioner a blank form for filing a 28 U.S.C. § 2254 petition for writ of habeas corpus and a blank application to proceed without prepayment of fees for use by Petitioner should he wish to file such an action.

**III.**

For the foregoing reasons, the Court will dismiss this action by separate Order as frivolous and for failure to state a claim upon which relief may be granted.

Date: January 8, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Petitioner, *pro se*
A958.009